FLETCHER *v.* ARKANSAS NATIONAL BANK.

Opinion delivered April 11, 1896.

EVIDENCE—NOTARY'S CERTIFICATE OF PROTEST.—A certificate of protest of a note by a notary public of another state, attested by his seal, is *prima facie* evidence that the acts indicated were done by him.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Chas. D. Greaves*, for appellant.

1. The protest of the notary was not under his seal of office, and was not admissible in evidence. Sand.

& H. Dig., sec. 2884-5; 2 Daniel, Neg. Inst., secs. 945-6-8.

2.   The burden of showing due notice was on plaintiff.   2 Dan. Neg. Inst., sec. 1050-1, 961, 962; Tiedeman on Com. Paper, sec. 327.   No material fact will be presumed.   19 Ark. 484.   The notice in the case was not in time.   2 Daniel, Neg. Inst., sec. 1039.

*Wood & Henderson*, for appellee.

1.   The notary's seal was on the same sheet, and our statute does not require it to be placed in any particular place.   Whether the certificate was under seal, was a question for the court to determine from the evidence.   The court so found, and there is evidence to sustain its finding.   4 Ark. 195; 121 Pa. St., 204.   It was not necessary for the notary's name to be signed at the end of the writing.   All that is necessary is that his name be signed to the document, intending to be bound by its contents.   22 Am. & E. Enc. Law, 782, and note; 58 Md. 546; 41 Am. Dec. 755, and cases in note. The certificate of the notary proves protest and due notice.   Sand. & H. Dig., secs. 2884-5.

2.   But, independent of the notary's certificate, the evidence supports the finding of the court that notice was duly given.   The draft was protested on the 16th, and the holder had until the last mail on the 17th to forward notice.   Tiedeman, Com. Paper, sec. 337.   This notice was received by appellee on the 21st, and on the same day it forwarded the notice to appellee.   This was in due time.   *Ib.* sec. 337.

2.   Appellant waived any objection to Rix's testimony by not making same grounds of motion for new trial.

BUNN, C. J.   This was a suit on a protested check, issued by Bonner & Bonner of Tyler, Texas, to appellant Fletcher, on Kountze Bros., New York, for $115,

endorsed by Fletcher, sold for cash to appellee bank, and protested for non-payment on presentation in New York.   Judgment for plaintiff.

The contention of appellant is that there was no proof of sufficient protest in New York, and also that there is no proof of notice of protest to him, nor of due diligence in giving him the notice thereof.   The court found against him in both issues, and we will not disturb its findings.   The certificate of protest was sufficient, and the attestation by seal was also sufficient to make a *prima facie* case  that the acts indicated had been done by the notary.   The certificate of the fact that due notice was given appellant was wanting, but the fact was established by extraneous evidence, and we think also that all proper diligence was used in giving the notice to him.

The judgment is therefore affirmed.